## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRH MEDICAL CORPORATION, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) C.A. No.<br>)<br>) **JURY TRIAL DEMANDED** |
| MDE MEDICAL, LLC, and WILBUR HILL, LLC, | )<br>)<br>) |
| Defendants. | ) |

### COMPLAINT

CRH Medical Corporation ("Plaintiff CRH") files this Complaint and demands a jury trial seeking relief for patent infringement and false marking by Defendants MDE Medical, LLC ("Defendant MDE") and Wilbur Hill, LLC ("Defendant Wilbur") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement and false marking arising under the patent laws of the United States, Title 35, United States Code.

### THE PARTIES

2. Plaintiff CRH is a Delaware corporation with its principal place of business located at 3414 Peachtree Road NE, Suite 340, Atlanta, GA 30326.

3. Plaintiff CRH is a global leader in the healthcare products and services industry. In particular, CRH provides products and services to alleviate gastrointestinal issues, such as hemorrhoids.[1]

---

[1] CRH GI SOLUTIONS, https://crhmedcorp.com/crh-gi-solutions/ (last visited January 21, 2025).

4.      Plaintiff CRH's mission is to design and engineer the world's best hemorrhoid treatment, with a focus on patient comfort, minimally invasive procedures, and long-lasting results.[2]

5.      In the pursuit of the developing the most comfortable and efficient hemorrhoid treatment, Plaintiff CRH has devoted years to perfecting hemorrhoid treatment products.

6.      After countless hours of development and product testing stages, Plaintiff CRH finally accomplished its goal of providing the most comfortable and efficient hemorrhoid treatment on the market today.

7.      Plaintiff CRH developed the CRH O'Regan System, a ligation banding system, and offers the product to doctors to treat hemorrhoids.[3] Plaintiff CRH introduced the CRH O'Regan System at least as early as 2013.

8.      Over 3,000 doctors have been trained to use the CRH O'Regan System to treat hemorrhoids without surgery.[4]

9.      The CRH O'Regan System has a 99% success rate in hemorrhoid treatment.[5]

10.     Upon information and belief, Defendant MDE is a Delaware limited liability company with its principal place of business located at 258 Chapman Road, Suite 101-A, Newark, DE 19702.

11.     Upon information and belief, Defendant Wilbur is a Delaware limited liability company with its principal place of business located at 11140 Rockville Pike, Suite 425, Rockville MD 20852.

---

[2] *Id.*
[3] CRH O'REGAN SYSTEM, https://www.oregansystem.com/ (last visited January 21, 2025).
[4] PHYSICIAN STORIES, https://www.oregansystem.com/real-stories/physician-stories/ (last visited January 21, 2025).
[5] *Id.*

12. Defendant MDE is a direct competitor of Plaintiff CRH and offers a ligation banding system, the Snyder HemBand, for sale across the United States through distributors and through its online website.[6]

13. Defendant Wilbur is a direct competitor of Plaintiff CRH and offers a ligation banding system, the Snyder HemBand, for sale across the United States through distributors.

14. Defendants MDE and Wilbur describe the Snyder HemBand as "a rubber band applicator that allows a physician to place a rubber band at the base of the hemorrhoid, cutting off its blood flow, causing it to shrink and fall off."[7]

15. Upon information and belief, Defendants MDE and Wilbur have sold the Snyder HemBand since at least as early as January 27, 2023. The Snyder HemBand appears to be an exact copy of the CRH O'Regan System that was available and accessible to Defendants MDE and Wilbur at least as early as 2013.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271, *et seq*.

17. This Court has personal jurisdiction over Defendant MDE because Defendant MDE is a limited liability company organized and existing under the laws of the state of Delaware and residing in Newark, Delaware. Further, upon information and belief, Defendant MDE regularly conducts business in this judicial district and has committed acts of patent infringement in this judicial district, the state of Delaware, and throughout the United States.

---

[6] SNYDER HEMBAND, https://hemband.com/ (last visited January 21, 2025).
[7] SNYDER HEMBAND, https://hemband.com/snyder-hemband (last visited January 21, 2025).

18. This Court has personal jurisdiction over Defendant Wilbur because Defendant Wilbur is a limited liability company organized and existing under the laws of the state of Delaware. Further, upon information and belief, Defendant Wilbur regularly conducts business in this judicial district and has committed acts of patent infringement in this judicial district, the state of Delaware, and throughout the United States.

19. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendants MDE and Wilbur reside in this judicial district,[8] and, upon information and belief, have committed acts of infringement in this judicial district.

## PLAINTIFF CRH'S U.S. PATENT NO. 12,201,302

20. On January 21, 2025 (the "Issue Date"), the United States Patent and Trademark Office duly and legally issued United States Patent No. 12,201,302, entitled "Elastic Band Ligation Device with Anti-Pinch Feature and Method for Treatment of Hemorrhoids" (the "302 Patent"). A true and correct copy of the 302 Patent is attached hereto as Exhibit A.

21. Plaintiff CRH owns all right, title, and interest in and to the 302 Patent, including the right to bring suit for past, present, and future patent infringement, and to recover damages for past and ongoing patent infringement.

22. The 302 Patent describes a band ligation device that uses a rubber band to ligate hemorrhoids (*i.e.*, a ligation banding device and system).

23. Prior to use, a band is loaded onto the tip of the device described in the 302 Patent. The device uses gentle suction to pull the hemorrhoidal tissue into the tip of device. Once the hemorrhoidal tissue has been drawn into the device, the rubber band can be pushed off the tip of the device and around the hemorrhoidal tissue.

---

[8] *See TC Heartland LLC v. Kraft Foods Group Brands LLC*, 581 U.S. 258, 267–269 (2017).

**COUNT I: INFRINGEMENT OF THE 302 PATENT**

24. Plaintiff CRH realleges and incorporates by reference each of the above paragraphs as though set forth fully herein.

25. On the Issue Date of the 302 Patent, Plaintiff CRH virtually marked the CRH O'Regan System via virtual patent marking.[9]

26. The Defendants had notice and knowledge of the Defendants' infringement prior to the filing of this Complaint by virtue of Plaintiff CRH's virtual patent marking.

27. Upon information and belief, the Defendants had actual knowledge of the Defendants' infringement prior to the filing of this Complaint.

28. The Defendants, either individually or collectively, make, use, sell, offer for sell, and/or import the Snyder HemBand in the United States. *See* Exhibits B and C.

29. The Defendants have directly infringed and continue to directly infringe one or more claims of the 302 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing the Snyder HemBand in the United States and this judicial district without authority, in violation of 35 U.S.C. § 271(a).

30. The Snyder HemBand satisfies each and every element of one or more claims of the 302 Patent.

31. For example, the Snyder HemBand infringes at least claim 1 of the 302 Patent, either literally or under the doctrine of equivalents, as detailed in the preliminary claim chart. *See* Exhibit D.

32. Claim 1 of the 302 Patent recites:

A ligation apparatus, comprising:
    (A) an inner tubular member, comprising:

---

[9] PATENT NUMBER, https://physicians.crhsystem.com/patent-number/ (last visited January 21, 2025); *see also* 35 U.S.C. § 287(a).

(i) an interior surface, an exterior surface, a first end, and a second end, wherein the first end is defined by a first inner opening and the second end is defined by a second inner opening, wherein the exterior surface is configured to hold a rubber band in proximity to the first inner opening;

(ii) an inner tapering portion comprising the first end and a tapering transition end, wherein a first diameter of the first end is smaller than a second diameter of the tapering transition end;

(iii) an inner cylindrical portion comprising the second end, a cylindrical transition end, and a raised ring positioned on the exterior surface, wherein a third diameter of the inner cylindrical portion is larger than the second diameter of the tapering transition end;

(iv) a transition portion comprising a conical frustrum and disposed between the tapering transition end and the cylindrical transition end; and

(v) at least one flange extending from the exterior surface and adjacent to the second inner opening;

(B) an outer tubular member configured to slidably sheath the inner tubular member, comprising:

(i) an outer tapering portion configured to fit over the inner tapering portion and push the rubber band off the exterior surface and over the first end of the inner tubular member;

(ii) an outer cylindrical portion, comprising:

(a) a raised ridge positioned on an interior surface of the outer cylindrical portion and configured to, when engaged with the raised ring of the inner cylindrical portion, impede longitudinal movement of the outer tubular member relative to the inner tubular member; and

(b) at least one flange extending from an exterior surface of the outer cylindrical portion and configured to disengage the raised ridge from the raised ring; and

(C) a single piece obturator plunger disposed within the inner tubular member, comprising:

(i) a rounded tip configured to extend through and protrude out of the first inner opening of the inner tubular member when in a resting position and configured to align the ligation apparatus with hemorrhoidal tissue of a patient;

(ii) an elongate stem, comprising:

(a) an elongate first stem portion adjacent to the rounded tip and extending to a rubber seal adjacent to a head flange, wherein the rubber seal is configured to provide a seal on the interior surface of the inner tubular member and remain flush against the transition portion when in the resting position; and

(b) an elongate second stem portion having a first end adjacent to the head flange and a second terminating end, wherein:

(1) the second terminating end of the elongate second stem portion is configured to extend through the second inner opening; and

(2) the rubber seal and the head flange are disposed between the elongate first stem portion and the elongate second stem portion;

(iii) a handle adjacent to the second terminating end of the elongate second stem portion and configured to, when pulled away from the second inner opening, slide the

single piece obturator plunger longitudinally inside the inner tubular member and into an active position; and

(iv) wherein the single piece obturator plunger is configured to, when slid into the active position, create sufficient suction force at the first inner opening of the inner tubular member to suck hemorrhoidal tissue into the first inner opening.

33. Despite virtual marking of the 302 Patent, the Defendants continue to sell the Snyder HemBand throughout the United States in deliberate disregard of Plaintiff CRH's patent rights.

34. The Defendants' infringement of the 302 Patent has been willful and deliberate. As discussed above, the Defendants intentionally made, sold, and continue to sell the Snyder HemBand knowing that the Snyder HemBand infringes the 302 Patent.

35. Plaintiff CRH has suffered and is entitled to recover damages as a result of the Defendants' infringement of the 302 Patent. Plaintiff CRH is entitled to an award of compensatory damages, including reasonable royalties and lost profits for Defendants' infringement of the 302 Patent.

36. The Defendants will continue their infringement of one or more claims of the 302 Patent unless enjoined by the Court. Plaintiff CRH has been irreparably harmed by Defendants' infringement, and Plaintiff CRH will continue to be harmed unless and until the issuance of a permanent injunction against the Defendants.

37. The Defendants have engaged in egregious infringement behavior with respect to the 302 Patent warranting an award of enhanced damages pursuant to 35 U.S.C. § 284.

38. The Defendants' conduct with respect to the 302 Patent is exceptional and further warrants an award of reasonable attorney fees pursuant to 35 U.S.C. § 285.

## COUNT II: FALSE PATENT MARKING

39. Plaintiff CRH realleges and incorporates by reference each of the above paragraphs as though set forth fully herein.

40. The packaging for the Snyder HemBand includes the phrase "patent pending." *See* Exhibits B and C.

41. Upon information and belief, the U.S. patent applications filed at the U.S. Patent & Trademark Office by the Defendants and/or its officers, agents, servants, representatives, and employees, including at least U.S. Non-Provisional Patent App. No. 17/425,813 and U.S. Provisional Patent App. No. 62/918,423, have been abandoned as of November 28, 2023.

42. Upon information and belief, the Defendants had notice and knowledge that the U.S. patent applications filed at the U.S. Patent & Trademark Office by the Defendants and/or its officers, agents, servants, representatives, and employees were abandoned as of November 28, 2023 by virtue of the Notice of Abandonment issued by the U.S. Patent & Trademark Office on December 1, 2023. *See* Exhibit E.

43. Upon information and belief, the Defendants and/or its officers, agents, servants, representatives, and employees, do not own a U.S. patent application currently pending at the U.S. Patent & Trademark Office.

44. The Defendants continue to include the phrase "patent pending" on the Snyder HemBand to market the Snyder HemBand to doctors.

45. The Defendants continue to include the phrase "patent pending" on the Snyder HemBand for the purpose of deceiving the public.

46. The Defendants continue to include the phrase "patent pending" on the Snyder HemBand in violation of 35 U.S.C. § 292(a).

47. Plaintiff CRH has lost actual sales as a result of the Defendants' false patent marking and violation of 35 U.S.C. § 292(a).

48. Plaintiff CRH has suffered a competitive injury as a result of the Defendants' false patent marking and violation of 35 U.S.C. § 292(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CRH respectfully requests that this Court grant the following relief:

a. A judgment that the Defendants have infringed and continues to infringe one or more claims of the 302 Patent;

b. A judgment that the Defendants willfully infringed one or more claims of the 302 Patent;

c. An order enjoining the Defendants, its officers, agents, servants, representatives, and employees, and all persons acting in concert with them, and each of them, from infringing the 302 Patent;

d. A judgment for compensatory damages for the Defendants' infringement of the 302 Patent pursuant to 35 U.S.C. §§ 154(d) and 284;

e. Prejudgment interest pursuant to 35 U.S.C. § 284;

f. A judgment that the Defendants be ordered to pay all costs associated with this action pursuant to 35 U.S.C. § 284;

g. A judgment that the Defendants be ordered to pay Plaintiff CRH's reasonable attorney fees pursuant to 35 U.S.C. § 285;

h. A judgment that the Defendants have and continued to falsely patent mark the Snyder HemBand;

  i. A judgment for compensatory damages from the Defendants' violation of 35 U.S.C. § 292(a); and

  j. That this Court grant Plaintiff CRH such other and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), CRH respectfully requests a trial by jury on all claims and issues so triable.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

| OF COUNSEL: | By: */s/ Bindu A. Palapura* |
|---|---|
| | Bindu A. Palapura (#5370) |
| Daniel Huynh | Andrew M. Moshos (#6685) |
| Anna Baker | Malisa C. Dang (#7187) |
| MORRIS, MANNING & MARTIN, LLP | Hercules Plaza, 6th Floor |
| 3343 Peachtree Road, NE | 1313 N. Market Street |
| Atlanta, GA 30326 | Wilmington, DE 19801 |
| Tel: (404) 233-7000 | Tel: (302) 984-6000 |
| | bpalapura@potteranderson.com |
| | amoshos@potteranderson.com |
| | mdang@potteranderson.com |
| Dated: January 22, 2025 | *Attorneys for Plaintiff CRH Medical Corporation* |
| 11994258 / 24738.00001 | |