IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRH MEDICAL CORPORATION, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-095 (CFC) |
| | ) | |
| MDE MEDICAL, LLC and | ) | |
| WILBUR HILL, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS MDE MEDICAL, LLC AND WILBUR HILL, LLC'S
OPENING BRIEF IN SUPPORT OF THEIR PARTIAL MOTION TO
DISMISS WILLFUL INFRINGEMENT AND FALSE MARKING CLAIMS
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

OF COUNSEL:

Steven M. Hanle
Salil Bali
Ahmad Takouche
STRADLING YOCCA CARLSON
    & RAUTH LLP
660 Newport Center Drive
Suite 1600
Newport Beach, CA  92660
(949) 394-4890

April 28, 2025

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Brian P. Egan (#6227)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
began@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendants*

# TABLE OF CONTENTS

I.     INTRODUCTION ............................................................................1

II.    NATURE AND STAGE OF THE PROCEEDINGS.......................3

III.   SUMMARY OF THE ARGUMENT ..............................................3

IV.  FACTUAL BACKGROUND..........................................................7

V.    LEGAL STANDARDS ..................................................................9

      A.    Motion to Dismiss Under Rule 12(b)(6) ............................9

      B.    Willful Infringement...........................................................10

      C.    False Marking....................................................................10

VI.  ARGUMENT...............................................................................12

      A.    The Complaint Fails to Plausibly Allege Willful Infringement..........12

      B.    The Complaint Fails To Plausibly Assert A Claim For False Marking ................................................................17

VII. CONCLUSION............................................................................20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................7, 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...........................................................9, 16, 18

*Boston Sci. Corp.,* 415 F. Supp. 3d 482, 492, 495 (D. Del. 2019) ..........................16

*In re BP Lubricants USA Inc.*,
  637 F.3d 1307 (Fed. Cir. 2011) ...............................................*passim*

*Brinkmeier v. BIC Corp.*,
  733 F. Supp. 2d 552 (D. Del. 2010)............................................6, 11

*Brinkmeier v. Graco Children's Prods.*,
  684 F. Supp. 2d 548 (D. Del. 2010)...................................................11

*Conopco, Inc. v. May Dept. Stores Co.*,
  46 F.3d 1556 (Fed. Cir. 1994) .................................................14, 15

*Cot'n Wash, Inc. v. Henkel Corp.*,
  56 F. Supp. 3d 613 (D. Del. 2014).............................................*passim*

*U.S. ex. rel. FLFMC, LLC v. William Bounds, Ltd.*,
  C.A. 10-420, 2010 WL 4788554 (W.D. Pa. Nov. 17, 2010).............................11

*Hall v. Bed Bath & Beyond, Inc.*,
  705 F.3d 1357 (Fed. Cir. 2013) .........................................................7

*iFIT Inc. v. Peloton Interactive, Inc.*,
  C.A. No. 21-507-RGA, 2022 WL 609605 (D. Del. Jan. 28, 2022)...............5, 13

*Juniper Networks, Inc. v. Shipley*,
  643 F.3d 1346 (Fed. Cir. 2011) ...............................................6, 10

*Malvern Panalytical Ltd. v. Ta Instruments-Waters LLC*,
  C.A. No. 19-2157-RGA, 2021 WL 3856145 (D. Del. Aug. 27,
  2021) ...................................................................................10

*NNCrystal US Corp. v. Nanosys, Inc.*,
  C.A. No. 19-1307-RGA, 2020 WL 616307 (D. Del. Feb. 10, 2020).......3, 10, 13

*Pact XPP Schweiz AG v. Intel Corp.*,
  C.A. No. 19-1006-JDW, 2023 WL 2631503 (D. Del. Mar. 24,
  2023) ..............................................................................................................17

*Project Strategies Corp. v. Nat'l Communs. Corp.*,
  948 F. Supp. 218 (E.D.N.Y. 1996) .......................................................................6

*Rogers v. Conair Corp.*,
  C.A. 10-1497, 2012 WL 1443905 (E.D. Pa. Apr. 25, 2012)..............................19

*State Indus., Inc. v. A.O. Smith Corp.*,
  751 F.2d 1226 (Fed. Cir. 1985) .................................................................14, 15

*TriPlay, Inc. v. WhatsApp Inc.*,
  C.A. No. 13-1703-LPS-CJB, 2018 WL 1479027 (D. Del. Mar. 27,
  2018) ..............................................................................................................10

*Verint Sys. v. Red Box Recorders Ltd.*,
  Case No. 14-cv-5403 (KBF), 2016 U.S. Dist. LEXIS 169377
  (S.D.N.Y. Dec. 7, 2016) ...................................................................................15

*Wrinkl, Inc. v. Facebook, Inc.*,
  C.A. No. 20-1345-RGA, 2021 WL 4477022 (D. Del. Sept. 30,
  2021) ....................................................................................................10, 16, 17

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
  528 F. Supp. 3d 247 (D. Del. 2021)..................................................................16

**Statutes**

35 U.S.C. § 284 ......................................................................................................8

35 U.S.C. § 385 ......................................................................................................8

35 U.S.C. § 292 .............................................................................................*passim*

**Other Authorities**

Federal Rule of Civil Procedure 9(b).........................................................5, 6, 11, 18

Federal Rule of Civil Procedure 12(b).........................................................3, 6, 9, 20

## I.    INTRODUCTION

The sole asserted patent, the '302 Patent, issued on January 21, 2025, and Plaintiff filed the complaint the next day.  Plaintiff's willfulness allegation thus relies on the multiple implausible inferences that Defendants, in less than 24 hours, did all of the following:  learned of the Patent's issuance, accessed a copy, analyzed it, formed a belief of infringement, and engaged in an infringing act.  None of these inferences, individually, are plausible, and an inference that all of them occurred is utterly implausible. Plaintiff's willful infringement count should be dismissed.

Notably, the First Amended Complaint ("FAC") (D.I. 22) fails to cure the deficiencies of its original Complaint. The FAC still fails to plausibly allege knowledge of the patent in the 24 hour period between issuance and the filing of the complaint.  The original complaint relied solely on Plaintiff's listing of the '302 patent on its "virtual marking" website less than 24 hours before the case was filed. The FAC now adds an allegation that Defendants contacted the PTO "at least as early as August 5, 2024" about the pending application, but courts in this District have regularly ruled that knowledge of a patent application is insufficient to support willfulness.[1]

---

[1] Moreover, as addressed below the claims of the '302 patent are vastly different than the claims of the application pending as of August 5, 2024. *See* Section VI. A., infra and the request for judicial notice filed herewith.

No doubt aware of this legal constraint, the FAC alleges <u>without any factual support</u>, that Defendants "regularly monitored" the progress of the '302 Patent, and thus "knew or should have known" of a notice of allowance issued November 11, 2024. But an allegation that a defendant "should have known" of a patent is insufficient, much less that a defendant should have known of a notice of allowance. Moreover, even assuming knowledge of the notice of allowance in November 2024, there are no facts alleged creating a plausible inference that Defendants became aware of the issuance of the patent two months later, in January 2025, in the 24 hours before the filing of the Complaint. Plaintiff's willful infringement count thus fails because there are no plausible allegations that any defendant either knew of the patent or intentionally infringed after acquiring knowledge and before the original Complaint was filed.

The FAC also reasserts a cause of action for false patent marking, but still without the specificity required to allege an intent to deceive and without facts plausibly supporting a competitive injury arising from the alleged false marking. Further, the FAC ignores that Defendant's application has been revived and is now in fact pending further examination by the USPTO. Thus, Plaintiff's false marking claim fails and should be dismissed.

2

## II.    NATURE AND STAGE OF THE PROCEEDINGS

On January 22, 2025, Plaintiff CRH Medical Corporation ("Plaintiff") filed its Complaint against Defendants MDE Medical, LLC and Wilbur Hill, LLC ("Defendants") asserting claims for willful infringement of U.S. Patent No. 12,201,302 (the "'302 patent") and for false patent marking.  (D.I. 1 ("Compl.").) On March 24, 2025, Defendants filed their Motion to Dismiss Willful Infringement and False Marking Claims Pursuant to Fed. R. Civ. P. 12(b)(6).  (D.I. 13.)  On April 14, 2025, Plaintiff filed its First Amended Complaint, asserting claims for direct infringement of the '302 patent and reasserting claims for willful infringement and for false patent marking. (D.I. 22 ("FAC").)  As the FAC also fails to plausibly allege willful infringement or false marking under well-established standards, Defendants again move to dismiss these claims under Rule 12(b)(6).

## III.    SUMMARY OF THE ARGUMENT

The patent in this case issued on January 21, 2025, and Plaintiff filed its Complaint the next day.  (D.I. 1, ¶ 20 and Ex A.)  The FAC still alleges Defendants' knowledge of the patent and intentional infringement based on Plaintiff's virtual marking of its own product on its website a single day before the Complaint was filed.  (FAC. ¶¶ 26-27, 37.)  But in order to plead and prove willful infringement, a plaintiff must allege that the defendant both knew of the patent and "knowingly or intentionally infringed that patent after acquiring that knowledge."  *NNCrystal US*

*Corp. v. Nanosys, Inc.*, C.A. No. 19-1307-RGA, 2020 WL 616307, at *4 (D. Del. Feb. 10, 2020) (citing *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378-79 (Fed. Cir. 2020)).

Far from meeting this standard, the FAC's allegation of willful infringement relies on the inference that Defendants: (1) went to Plaintiff's marking website or the PTO website in the dead of night on January 21 or the early morning hours of January 22; (2) pulled Plaintiff's brand-new patent (assuming it was publicly available); (3) determined that their product infringed patent claims with at least 20 separately numbered elements (*see* FAC, Ex A at claim 1); and (4) after completing that infringement analysis, Defendants made, used, sold or offered to sell an accused product with an intent to infringe—and that each of these four steps took place in the 24 hours or less between when the patent issued and the original Complaint was filed. An inference that any one of these steps happened in those hours is implausible, and an implicit allegation that they all did is frivolous.

The only new "fact" alleged in the FAC is that "Defendants, either individually or collectively," contacted the patent examiner about the pending application "at least as early as August 5, 2024." (*Id.*, ¶39.) The FAC does not provide any specifics regarding who on behalf of Defendants made the alleged contact. From this fact alone, the FAC alleges based only on inference that Defendants "continued to monitor the application that resulted in the 302 Patent and

knew or should have known when the U.S. Patent & Trademark Office issued the Notice of Allowance on November 11, 2024." (*Id.*, ¶ 40.) But based on an alleged single contact, Plaintiff's "continued to monitor" inference is not plausibly supported.

Further the new inference that Defendants "regularly monitored" the prosecution of the '302 patent does cure the implausibility of the original allegations. First, "knowledge of a patent application alone is not enough to establish knowledge of the patent that issued from that application and therefore not enough to establish willfulness." *iFIT Inc. v. Peloton Interactive, Inc.*, C.A. No. 21-507-RGA, 2022 WL 609605, at *3 (D. Del. Jan. 28, 2022). Second, the patent claims that issued in January 2025 are <u>vastly</u> different than the claims of the application as it stood in August 2024. Third, the allegation that Defendants "knew *or should have known*" of the allowance of the application is legally insufficient. Fourth, "regular monitoring" whatever it means, does not plausibly support the occurrence of the multiple actions that would be required to willfully infringe in the 24-hour period between patent issuance and case filing.

Plaintiff's false marking claim also fails because the FAC fails to plausibly allege any specific intent to deceive, which is a required element of false patent marking (Count III). Any such allegations are assessed under the heightened pleading standard of Rule 9(b), and the Complaint makes no attempt to plead with

the required specificity. *Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346, 1350 (Fed. Cir. 2011); *Brinkmeier v. BIC Corp.*, 733 F. Supp. 2d 552, 563 (D. Del. 2010); *Cot'n Wash, Inc. v. Henkel Corp.*, 56 F. Supp. 3d 613, 623–625 (D. Del. 2014). Plaintiff was required to plead "in detail the specific who, what, when, where, and how of the alleged fraud." *In re BP Lubricants USA Inc*., 637 F.3d 1307, 1309 (Fed. Cir. 2011). But the Complaint pleads only a bare conclusion, without any facts supporting Defendants' alleged knowledge of falsity and intent to deceive. *Cot'n Wash,*, 56 F. Supp. 3d at 624 (concluding that allegations that defendant marked with expired patent objectively demonstrated the plaintiffs' knowledge that the products were falsely marked, they did not plausibly establish that the plaintiffs intended to deceive consumers). Such general allegations cannot withstand a challenge under Rule 9(b) and Rule 12(b).

Further, U.S. Non-Provisional Patent App. No. 17/425,813, has been revived by the USPTO and awaits further examination after a showing that the abandonment of Defendant's application was based on an <u>unintentional</u> delay. (*See* contemporaneously-filed Request for Judicial Notice ("RJN"), Ex. 2.) The revival is thus fundamentally inconsistent with any intent to mislead. With the revival of the application, Defendants' use of the phrase "patent pending" on its products or packaging is appropriate and not false or misleading. *Project Strategies Corp. v. Nat'l Communs. Corp.*, 948 F. Supp. 218, 226 (E.D.N.Y. 1996) (finding no violation

of patent marking statute where product marked with "patent pending" while patent application was pending in USPTO); *see also* 35 U.S.C.§ 292(a) (noting that it is a violation to mark a product as "patent pending" when there is no application in fact).

The FAC also fails to plead facts plausibly supporting a competitive injury arising from false marking. *Id.* ("To bring a cognizable claim for competitive injury, [d]efendant must allege sufficient facts to plausibly establish that, as a result of [plaintiffs'] mismarking . . . , [d]efendant's ability to compete against [p]laintiffs in the marke[t] for purchasers of such products was impaired, resulting in tangible economic loss to [d]efendant.") (collecting cases); *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1373 (Fed. Cir. 2013). But again, here, the FAC pleads only a bare conclusion without a single evidentiary fact. (FAC at ¶51.) Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not meet the pleading standard and support dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For these reasons, Plaintiff's claims of willful infringement and false marking must be dismissed for failure to state a claim upon which relief may be granted.

## IV.    FACTUAL BACKGROUND

The FAC continues to allege that Defendants "had notice and knowledge" of the infringement "by virtue of Plaintiff CRH's virtual patent marking." (FAC, ¶¶ 25-26, 37.)  The FAC also contains a conclusory allegation that, "[u]pon information

and belief, the Defendants had actual knowledge of the Defendants' infringement prior to the filing of this Complaint." (*Id.* at ¶ 27.) The only new <u>fact</u> alleged in the FAC is that "Defendants, either individually or collectively," contacted the patent examiner about the pending application "at least as early as August 5, 2024." (*Id.*, ¶39.) From this fact alone, the FAC alleges based only on inference that Defendants "continued to monitor the application that resulted in the 302 Patent and knew or should have known when the U.S. Patent & Trademark Office issued the Notice of Allowance on November 11, 2024." (*Id.,* ¶ 40.) The FAC further avers that any alleged infringement was "willful and deliberate" on the basis that "Defendants intentionally made, sold, and continue to sell the Snyder HemBand knowing that the Snyder HemBand infringes the 302 Patent." (*Id.* at ¶ 41.) Plaintiff then alleges that Defendants "engaged in egregious infringement behavior" and that Defendants' conduct is "exceptional," warranting enhanced damages and fees under 35 U.S.C. §§ 284, 385. (*Id.* at ¶¶ 42-43.) Of course, this alleged knowing and egregious infringement behavior can only have taken place in the 24 hours between issuance of the '302 patent and the filing of the complaint. Notably, the FAC does not allege that Plaintiff provided notice to the Defendants of the '302 patent's allowance or issuance. (*Id.*)

The FAC also alleges that Defendants violated 35 U.S.C. § 292(a) by using packaging containing the phrase "patent pending." (FAC at ¶45, Exs. B, C.)

Plaintiff alleges that that this is not accurate as Defendants' patent applications were abandoned. (*Id.* at ¶¶ 46-48.)   The FAC then alleges, in conclusory fashion, that Defendants knew of this marking and intended to deceive the public.  (*Id.* at ¶¶ 49-50, 52.)  The FAC then alleges, again in conclusory fashion, that Plaintiff lost sales and suffered competitive injury from this alleged false marking.  (*Id.* at ¶¶ 51, 55-56.)

On April 3, 2025, U.S. Non-Provisional Patent App. No. 17/425,813 was revived by the USPTO and awaits further examination.  (RJN, Ex. 2.)

## V.    LEGAL STANDARDS

### A.    Motion to Dismiss Under Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The factual allegations must be sufficient to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This plausibility standard obligates a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  In addition, the Court is not required to accept as true bald assertions, unsupported conclusions, or unwarranted

inferences.  *See TriPlay, Inc. v. WhatsApp Inc.*, C.A. No. 13-1703-LPS-CJB, 2018 WL 1479027, at *3 (D. Del. Mar. 27, 2018).

### B.    Willful Infringement

"Willful patent infringement is the rare exception, not the rule."  *Wrinkl, Inc. v. Facebook, Inc.*, C.A. No. 20-1345-RGA, 2021 WL 4477022, at *7 (D. Del. Sept. 30, 2021) (citing *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987-88 (Fed. Cir. 2021)).  To state a claim for willful infringement, a plaintiff must plausibly allege that "the accused infringer knew of the patent-in-suit, and knowingly or intentionally infringed the patent <u>after acquiring that knowledge</u>."  *NNCrystal US Corp. v. Nanosys, Inc.*, C.A. No. 19-1307-RGA, 2020 WL 616307, at *4 (D. Del. Feb. 10, 2020) (emphasis added; citing *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378-79 (Fed. Cir. 2020)).

To survive a motion to dismiss, the complaint must allege "specific factual matter" demonstrating such knowledge <u>and</u> intent. *See, e.g.*, *Malvern Panalytical Ltd. v. Ta Instruments-Waters LLC*, C.A. No. 19-2157-RGA, 2021 WL 3856145, at *3 (D. Del. Aug. 27, 2021) (dismissing willful infringement claims).

### C.    False Marking

The two elements of a "false patent marking" claim under 35 U.S.C. § 292 are "(1) marking an unpatented article and (2) intent to deceive the public."  *Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346, 1350 (Fed. Cir. 2011) (affirming

dismissal).   Because it sounds in fraud, complaints alleging a false marking claim "must satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b)."   *Id.*; *U.S. ex. rel. FLFMC, LLC v. William Bounds, Ltd.*, C.A. 10-420, 2010 WL 4788554, at *5 (W.D. Pa. Nov. 17, 2010) ("We agree with the great majority of district courts and find that the false marking statute sounds in fraud and a plaintiff must meet the heightened pleading standards of Rule 9(b) to show intent to deceive."); *see also Brinkmeier v. BIC Corp.*, 733 F. Supp. 2d 552, 563 (D. Del. 2010) (agreeing that "the heightened pleading standard of Rule 9(b) applies to section 292 claims.").

Thus, to properly plead false marking, the complaint must "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind"—*i.e.*, with the specific intent to deceive the public. *BP Lubricants*, 637 F.3d at 1311–12 (emphasis added).   In that case, the court dismissed the false marking claim, holding that "the complaint failed to meet the requirements of Rule 9(b)" with respect to the false marking claim because "it provided only generalized allegations rather than specific underlying facts."   A general allegation that a party "knew that the [products] were not covered by [the patent], and falsely marked the products to gain a competitive advantage" is not sufficient. *Cot'n Wash, Inc. v. Henkel Corp.*, 56 F. Supp. 3d 613, 623–24 (D. Del. 2014) (finding an amended pleading futile because it failed to state a false marking claim); *see also Brinkmeier v. Graco Children's Prods.*, 684 F. Supp. 2d 548, 553–54 (D. Del. 2010) (dismissing

11

certain false marking claims where the complaint did "not supply enough factual matter to suggest an intent to deceive" even when assuming that the marked products were not covered by the patents); *BP Lubricants*, 637 F.3d at 1311 (holding that district court erred when it "expressly relied on . . . general allegation that [defendant] knew or should have known that the patent expired").

Section 292 of Title 35 also has a statutory standing requirement whereby a complainant must have "suffered a competitive injury as a result of a violation" of the false marking statute. 35 U.S.C. § 292(b). Accordingly, the complaint must plead "competitive injury," which requires "alleg[ing] sufficient <u>facts</u> to plausibly establish that, as a result of [the] mismarking [the claimant]'s ability to compete . . . was impaired, resulting in tangible economic loss." *Cot'n Wash*, 56 F. Supp. 3d at 624 (emphasis added). "To establish standing . . . [claimant] must allege a tangible economic loss caused by the illegal competitive means (i.e., the false patent marking)." *Id.* (quoting *Rogers v. Conair Corp.*, C.A. 10-1497, 2012 WL 1443905, at *4 (E.D. Pa. Apr. 25, 2012). It is not sufficient, for example, to make a boilerplate assertion concerning a loss of market share. *See id.* at 624–25.

## VI.    ARGUMENT

### A.    The FAC Fails to Plausibly Allege Willful Infringement

The FAC fails to plausibly allege that (1) Defendants "knew of the patent-in-suit" <u>and</u> that (2) Defendants "knowingly or intentionally infringed" the asserted

patents after acquiring knowledge of [the patent]. *NNCrystal*. 2020 WL 616307, at *4. Plaintiff's claim for willful infringement should be dismissed for failure to state a claim.

With respect to Defendants' knowledge of the '302 Patent, the FAC alleges that Plaintiff virtually marked a product with the '302 Patent, but that was only one day before the original Complaint was filed. (*Id.*, ¶20 and D.I. 1.) The FAC alleges no facts that would support an inference that Defendants learned of this virtual marking in the 24 hours before the original Complaint was filed. Nor does the FAC allege facts that would support an inference that, <u>after learning of the '302 Patent,</u> Defendants formed an intent to infringe it <u>and</u> then actually performed an act of infringement. Indeed, the timeline here makes any willful infringement extremely <u>implausible</u>.

The only new allegations in the FAC are that Defendants contacted the patent examiner about Plaintiff's application "at least as early as August 5, 2024," and the obtuse and conclusory assertion that Defendants "would regularly monitor the progress of Plaintiff CRH's patent portfolio including the application that resulted in the 302 Patent." (FAC, ¶¶38-40.) However, even if Plaintiff's allegations are taken as true, "knowledge of a patent application alone is not enough to establish knowledge of the patent that issued from that application and therefore not enough to establish willfulness." *iFIT*, , 2022 WL 609605, at *3 (citing *State Indus., Inc. v.*

*A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985); *NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, 2019 WL 5626647, at *3 (D. Del. Oct. 31, 2019), report and recommendation adopted, 2019 WL 11663798 (D. Del. Nov. 15, 2019)). The Federal Circuit has explained that "[t]o willfully infringe a patent, the patent must exist and one must have knowledge of it. . . . Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents. What the scope of claims in patents that do issue will be is something totally unforeseeable." *State Indus.*, 751 F.2d at 1236; *see also Conopco, Inc. v. May Dept. Stores Co.*, 46 F.3d 1556, 1562 (Fed. Cir. 1994) (holding that although defendant may have been aware of pending application, "that is insufficient to support a finding of willfulness").

This rule is well-founded, as issued claims often differ substantially from claims pending in an application. That is certainly the case here, as the issued claims bear almost no resemblance to the claims pending as of August 5, 2024. Indeed, Claim 1, the only claim identified in the complaint, was filed as an <u>entirely new claim</u> (then numbered 42) in the amendment filed September 4, 2024. See RJN Ex. 1 pp. 6-8. The new claim has over 20 separate elements, and bears no resemblance to the claims pending as of August 5. This case is thus a poster-child for why willful infringement cannot be based on the knowledge of an application which has not issued as a patent.

To get around this legal limitation, Plaintiff also alleges that Defendants "would regularly monitor" the progress of application that resulted in the 302 Patent, but there is no factual allegation that would support this conclusory inference. It appears to be based on the single allegation that Defendants had one conversation with the patent examiner "at least as early as August 5, 2024." From this logical leap, Plaintiff's next one is that Defendants "knew or should have known" of a notice of allowance issued November 11, 2024. But this is insufficient as a matter of law, which requires <u>actual knowledge</u> of an issued patent, not that the defendant "should have known" that a patent would issue in the future. "For a finding of willful or induced infringement, the law requires that a defendant have had <u>actual knowledge</u> of the patents at issue." *Verint Sys. v. Red Box Recorders Ltd.*, Case No. 14-cv-5403 (KBF), 2016 U.S. Dist. LEXIS 169377, at *4 (S.D.N.Y. Dec. 7, 2016) (citing *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (a finding of willfulness requires knowledge of patents themselves); *Conopco, Inc. v. May Dep't Stores Co.*, 46 F.3d 1556, 1563 (Fed. Cir. 1994) (same); *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) (same).

But even accepting these factual and legal flaws, Plaintiff's allegation of willful infringement requires the series of implausible inferences described above, specifically that, in the 24-hour period from the January 21 issuance to the January 22 complaint, Defendants: (1) went to Plaintiff's marking website or the PTO

15

website; (2) pulled Plaintiff's brand-new patent (assuming it was publicly available); (3) determined that their product infringed patent claims with at least 20 separately numbered elements; and (4) after completing that infringement analysis, Defendants made, used, sold or offered to sell an accused product with an intent to infringe— and that each of these four steps took place in the 24 hours or less between when the patent issued and the original Complaint was filed.  None of these inferences are plausible, and any inference that they all occurred is utterly implausible.

The FAC's remaining bare, non-specific, and conclusory allegations that Defendants' infringement was "willful and deliberate" merely recite elements of willful infringement without any factual support and are legally insufficient to allege willful infringement. *Boston Sci. Corp.*, 415 F. Supp. 3d at 495 (granting motion to dismiss willful infringement allegations where patentee "has not alleged any facts showing that [the defendant] knew that its [accused products] infringe[]" and "merely states" that the infringement "is reckless, knowing, deliberate, and willful"); *Twombly*, 550 U.S. at 555 (plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action").

Importantly, Plaintiff cannot rely on the filing of the original Complaint itself to allege willful infringement. *See ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 251 (D. Del. 2021); *Wrinkl*, 2021 WL 4477022, at *7-8.  As the Court in *Wrinkl* explained, "[w]illful patent infringement is the rare exception, not

the rule. . . . [I]f all that is required is the filing of a complaint and a plausible allegation of infringement, then every case would be a willful infringement case." *Id.*; *see also Pact XPP Schweiz AG v. Intel Corp.*, C.A. No. 19-1006-JDW, 2023 WL 2631503, at *5 (D. Del. Mar. 24, 2023) (allowing the complaint to be the basis for willful infringement "would mean all infringement suits involve willful infringement").

For these reasons, Plaintiff's willful infringement allegations should be dismissed.

### B.    The FAC Fails To Plausibly Assert A Claim For False Marking

The FAC also fails to meet the standards required to plead a claim under 35 U.S.C. § 292 for false marking.  First, Plaintiff does not plead any facts that would come close to meeting the heightened standard to plead that Defendants "intended to deceive the public" by falsely marking their products.  *BP Lubricants*, 637 F.3d at 1311; *Cot'n Wash*, 56 F. Supp. 3d at 623–624.

Here, the FAC includes only the bare and conclusory allegation that "Defendants continue to include the phrase 'patent pending' on the Snyder HemBand to market the Snyder HemBand to doctors" (FAC, ¶49) and "Defendants continue to include the phrase 'patent pending' on the Snyder HemBand for the purpose of deceiving the public into believing that the Snyder HemBand is covered by a pending patent application…" (FAC, ¶52.) This is precisely the type of

conclusory allegation disallowed by *Twombly* (550 U.S. at 555), particularly where the law imposed a heightened pleading standard under Rule 9(b). Indeed, the Federal Circuit affirmed the dismissal of a complaint very similar to the Complaint in this case, holding that general allegations that defendant "knew" the patent was expired but marked its product anyway were insufficient to support an inference of intent to deceive. *BP Lubricants*, 637 F.3d at 1311–12. Generalized allegations about routine conduct do not present any plausible facts supporting an inference of intent to deceive. *Id.*; *see also Cot'n Wash*, 56 F. Supp. 3d at 623–624 (finding allegations that a party "knew that the [products] were not covered by [the patent], and falsely marked the products to gain a competitive advantage" was insufficient).

Second, Plaintiff's claim also fails because the FAC still does not allege <u>facts</u> supporting a plausible inference that Plaintiff suffered a competitive injury. Again, the FAC provides only conclusory allegations of supposed harm: "Defendants have continuously advertised, marketed, and distributed the Snyder HemBand, with the false patent marking, to Plaintiff CRH's customers. As a result, multiple customers stopped purchasing the CRH O'Regan System from Plaintiff CRH and switched to purchasing the Snyder HemBand from the Defendants"; "Plaintiff CRH has lost actual sales as a result of the Defendants' false patent marking and violation of 35 U.S.C. § 292(a);" and "Plaintiff CRH has suffered a competitive injury as a result of the Defendants' false patent marking and violation of 35 U.S.C. § 292(a)." (FAC,

¶¶ 51, 55-56.) For example, there are no factual allegations that customers purchased Snyder HemBand because of patent marking, rather than price or quality or other factors. The FAC's "conclusory allegations do not sufficiently indicate a causal connection between [Defendants'] alleged false marking and [Plaintiff's] alleged injury." *Cot'n Wash*, 56 F. Supp. 3d at 624-625; *see also Rogers*, 2012 WL 1443905, at *4.

Finally, as of April 3, 2025, the application in question, U.S. Non-Provisional Patent App. No. 17/425,813, has been revived by the USPTO. (RJN, Ex. 2.) The application awaits further examination by the USPTO and therefore, Defendants' continued use of the phrase "patent pending" on its products is not false or misleading to the public. Plaintiff omitted this fact in its FAC, which raises concerns about whether it appropriately investigated these allegations prior to the filing of the FAC on April 14. Further, the revival is based on a showing that the delay resulting in the temporary abandonment was unintentional, which contradicts the intent required to assert false marking. (*Id.*) The Court's inquiry into this issue can and should stop with the revival of the patent application, as Plaintiff's claim is rendered moot.

Based on the forgoing failures, Plaintiff's claim for false patent marking should be dismissed.

## VII.  CONCLUSION

For all of the reasons above, Defendants respectfully request that the Court dismiss Plaintiff's willful infringement and false marking allegations for failure to state a claim under Rule 12(b)(6).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Cameron P. Clark*

OF COUNSEL:

Steven M. Hanle
Salil Bali
Ahmad Takouche
STRADLING YOCCA CARLSON
  & RAUTH LLP
660 Newport Center Drive
Suite 1600
Newport Beach, CA  92660
(949) 394-4890

April 28, 2025

Brian P. Egan (#6227)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
began@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendants*

## <u>WORD COUNT CERTIFICATION</u>

The undersigned hereby certifies that the foregoing document contains 4,612 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font.  The word count includes only the body of the brief.  The word count does not include the cover page, tables of contents and authorities, or the counsel blocks.


*/s/ Cameron P. Clark*

_____

Cameron P. Clark (#6647)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 28, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 28, 2025, upon the following in the manner indicated:

Bindu A. Palapura, Esquire        *VIA ELECTRONIC MAIL*
Andrew M. Moshos, Esquire
Malisa C. Dang, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Plaintiff*

Daniel Huynh, Esquire         *VIA ELECTRONIC MAIL*
Anna Baker, Esquire
BRADLEY ARANT BOULT CUMMINGS LLP
Promenade Tower
1230 Peachtree Street, NE
Suite 2100
Atlanta, GA 30309
*Attorneys for Plaintiff*

*/s/ Cameron P. Clark*
_____
Cameron P. Clark (#6647)