IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRH MEDICAL CORPORATION, § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | Civil Action No. 25-95 |
| § | | |
| MDE MEDICAL, LLC and WILBUR HILL, § | | |
| LLC, § | | |
| § | | |
| *Defendants*. § | | |
| § | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff CRH Medical Corporation ("CRH") filed this patent infringement lawsuit alleging that defendants MDE Medical, LLC and Wilbur Hill, LLC infringe U.S. Patent Number 12,201,302 ("the '302 patent"). The defendants have moved to dismiss CRH's allegations of willful infringement and false marking. Dkt. No. 23. For the reasons set forth below, the motion is granted-in-part and denied-in-part.

**I.   Background**

The following background is based on the factual allegations set forth in CRH's first amended complaint, which I accept as true for purposes of this motion to dismiss. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). CRH is a healthcare company that is focused on treating hemorrhoids. Dkt. No. 22 at ¶ 3. CRH has developed a banding system called the CRH O'Regan System, which is used to treat hemorrhoids. The product has been on the market since 2013 and has been very successful. *Id.* at ¶¶ 7, 9. The defendants directly compete with CRH by selling their own banding system called the Snyder HemBand. *Id.* at ¶¶ 12–15. The

1

Snyder HemBand has been on sale since January 27, 2023.  CRH alleges that the Snyder HemBand is an exact copy of the CRH O'Regan System.  *Id.* at ¶ 15.

The '302 patent is owned by CRH and is directed to elastic bands for treating hemorrhoids. *Id.* at ¶¶ 20–22.  The patent issued on January 21, 2025, and on that same day CRH began virtually marking the CRH O'Regan System as protected by the '302 patent.  *Id.* at ¶¶ 21, 25.  The next day, CRH filed a complaint initiating this litigation.  *See generally* Dkt. No. 1.

In Count I of the complaint, CRH alleges that the Snyder HemBand directly infringes at least claim 1 of the '302 patent.  The defendants do not challenge the sufficiency of that claim in their motion to dismiss.

In Count II of the complaint, which is titled "willful infringement of the '302 patent,"[1] CRH makes the following allegations:  First, "as early as the Issue Date of the '302 Patent, the Defendants had notice and knowledge of the Defendants' infringement prior to the filing of this Complaint by virtue of Plaintiff CRH's virtual patent marking."  Dkt. No. 22 at ¶ 37.  Second, "as early as August 5, 2024, the Defendants, either individually or collectively, would regularly monitor the progress of Plaintiff CRH's patent portfolio including the application that resulted in the '302 Patent."  *Id.* at ¶ 38.  Third, "as early as August 5, 2024, the Defendants, either individually or collectively, contacted the Patent Examiner at the U.S. Patent & Trademark Office assigned to prosecution of the '302 Patent . . . [and] discussed the prosecution of the application and requested the Patent Examiner to not allow the '302 Patent to issue."  *Id.* at ¶ 39.  Finally, the defendants

---

[1] "Willful infringement" is not a distinct cause of action, but rather describes the level of culpability for the court to consider when determining whether to award enhanced damages. Courts, however, often consider whether to dismiss allegations pleading that infringement was willful.  *E.g.*, *DSM IP Assets, B.V. v. Honeywell Int'l, Inc.*, 700 F. Supp. 3d 189, 202–03 (D. Del. 2023); *Bos. Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 495 (D. Del. 2019).  Accordingly, I will consider whether CRH's allegations have sufficiently alleged willful infringement.

"continued to monitor the application that resulted in the '302 Patent and knew or should have known when the U.S. Patent & Trademark Office issued the Notice of Allowance on November 11, 2024." *Id*. at ¶ 40. CRH concludes that the defendants' infringement has been willful because "the Defendants intentionally made, sold, and continue to sell the Snyder HemBand knowing that the Snyder HemBand infringes the '302 Patent." *Id*.

In Count III of the complaint, CRH makes the following allegations: First, CRH alleges that the defendants have included the phrase "patent pending" on the packaging of the Snyder HemBand even though the defendants have abandoned their patent applications. *Id.* at ¶¶ 45–47. Second, CRH alleges that the defendants do not own any currently pending patent applications and thus are falsely marking the Snyder HemBand, in violation of 35 U.S.C. § 292(a). *Id*. at ¶¶ 48–50. Third, as a result of that false marking, CRH alleges that "multiple customers stopped purchasing the CRH O'Regan System from Plaintiff CRH and switched to purchasing the Snyder HemBand from the Defendants." *Id.* at ¶ 51. Finally, CRH alleges that "the Defendants continue to include the phrase 'patent pending' on the Snyder HemBand for the purpose of discouraging Plaintiff CRH from competing with the Defendants." *Id*.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed if it "fail[s] to state a claim upon which relief can be granted." The Third Circuit has instructed district courts to conduct a "two-part analysis" in evaluating a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the district court must separate the factual and legal elements of the claims. *Id*. The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id*. at 210–11. Second, the court "must then determine whether the facts alleged in the complaint are sufficient to

show that the plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

### III. Discussion

#### A. Willful Infringement

The defendants first challenge the sufficiency of CRH's allegations regarding pre-complaint willful infringement. To sufficiently allege willful infringement, a "complaint must allege that the accused infringer knew of the asserted patent, and knowingly or intentionally infringed the patent after acquiring that knowledge." *Robocast, Inc. v. Netflix, Inc.*, 640 F. Supp. 3d 365, 371 (D. Del. 2022) (citing *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378–79 (Fed. Cir. 2020)).

The defendants explain that to accept CRH's willful infringement theory, I must find it plausible that the defendants visited CRH's marking webpage or the Patent and Trademark Office website on January 21, reviewed the '302 patent, determined that the Snyder HemBand infringes, and then made a sale of the Snyder HemBand before the complaint was filed on January 22. Dkt. No. 24 at 4, 13. The defendants argue that such a timeline makes CRH's assertion of willful infringement highly implausible. *Id.* at 13. The defendants further argue that CRH's allegations that the defendants contacted the patent examiner and monitored CRH's patent application are conclusory and unsupported. *Id.* at 5. The defendants conclude that even if CRH's allegations are accepted as true, knowledge of a patent application is not enough to establish knowledge of the patent, which is a necessary precondition for a finding of willfulness. *Id.* at 13–14.

In its opposition brief, CRH focuses on its allegations regarding the defendants' contacts with the Patent and Trademark Office and their monitoring of the patent application. Dkt. No. 26 at 9. CRH argues that there is no per se rule that knowledge of a patent application by itself cannot

support a claim for willful infringement, and that courts have denied motions to dismiss willful infringement allegations when the complaint alleged that the defendants monitored the plaintiffs' patent applications. *Id.* at 9–10. CRH also notes that it has alleged that the defendants and CRH are direct competitors that operate in a highly specialized market and that the defendants' product is a copy of CRH's product. *Id.* at 10–11. CRH concludes that those allegations support the inference that the defendants had knowledge of the patent application sufficiently to survive a motion to dismiss. *Id.* at 11. CRH offers no argument regarding the defendants' knowledge of their infringement of the patent or any specific infringing act.

Regardless of whether CRH has adequately alleged the defendants' knowledge of the patent, CRH has not sufficiently alleged that the defendants knowingly infringed the '302 patent before the complaint was filed. Specifically, CRH has not made any factual allegations to support the inference that the defendants first determined that their product infringes the patent and then made an infringing sale during the short window between the patent's issuance and the filing of the complaint.[2] Instead, CRH merely alleges that "the Defendants intentionally made, sold, and continue to sell the Snyder HemBand knowing that the Snyder HemBand infringes the '302 Patent." Dkt. No. 22 at ¶ 41. "Conclusory or 'bare-bones' allegations," such as CRH's allegations, are not sufficient to survive a motion to dismiss. *See Fowler*, 578 F.3d at 210.

---

[2] In passing, CRH argues that the Snyder Hemband is a copy of the CRH O'Regan System and suggests that alleging pre-patent issuance copying sufficiently pleads willful infringement. Dkt. No. 26 at 11. I disagree. If the defendants copied the CRH O'Regan System prior to the issuance of the '302 patent, that fact might be relevant to awarding enhanced damages, assuming the jury found willful infringement. But an allegation of pre-patent-issuance copying does not support the inference that the defendants knew they were infringing the '302 patent. *See, e.g.*, *Splunk Inc. v. Cribl, Inc.*, 662 F. Supp. 3d 1029, 1039 (N.D. Cal. 2023) ("Finally, even assuming Cribl knowingly used and copied Splunk software after Splunk terminated the TAP agreement, this does not suggest that Cribl was aware of the five specific asserted patents and that it was infringing them.").

That conclusion is supported by the decision in *Express Mobile, Inc., v. Squarespace, Inc.*, No. CV 20-1163, 2021 WL 3772040 (D. Del. Aug. 25, 2021). In that case, the plaintiff notified the defendant of its alleged infringement one day before the plaintiff filed its complaint. *Id.* at *5. The court concluded that those "facts do not plausibly support an allegation that Defendant willfully infringed between the time it was notified of the alleged infringement of the [patent at issue] and the filing of the suit the subsequent day" and dismissed the willful infringement allegations. *Id.* Therefore, the defendants' motion will be granted as to the allegations of pre-complaint willful infringement.

CRH argues that, regardless of the disposition of the allegation of pre-complaint willful infringement, there is no reason to dismiss its "post-suit" willful infringement allegations. Dkt. No. 26 at 8. District courts are currently divided as to whether allegations of willfulness are sufficient to withstand a motion to dismiss when the knowledge element is based on the filing of the complaint. *See DSM IP Assets, B.V. v. Honeywell Int'l, Inc.*, 700 F. Supp. 3d 189, 202–03 (D. Del. 2023) (collecting cases).[3] I see little difference between (1) the situation in which the

---

[3] The disagreement between district courts continues. In addition to the cases cited in *DSM IP Assets*, a number of other rulings in this district have come down on different sides of this issue. *See Technoprobe S.P.A. v. Formfactor, Inc.*, No. 1:23-cv-842, 2024 WL 2271885, at *7–8 (D. Del. May 20, 2024) (initial complaint held sufficient to give notice of patent for post-complaint willfulness alleged in amended complaint); *Staton Techiya, LLC v. Harman Int'l Indus., Inc.*, 734 F. Supp. 3d 329, 340–41 (D. Del. 2024) (same); *ICON Health & Fitness, Inc. v. Tonal Sys., Inc.*, No. 21-652, 2022 WL 611249, at *3 & n.4 (D. Del. Feb. 2, 2022) (same); *Ravgen, Inc. v. Ariosa Diagnostics, Inc.*, No. 20-1646, 2021 WL 3526178, at *4 (D. Del. Aug. 11, 2021) (same); *Clouding IP LLC v. Amazon.com, Inc.*, No. 12-cv-641, 2013 WL 2293452 (D. Del. May 14, 2013) (same); *Cleveland Med. Devices Inc. v. Resmed Inc.*, 696 F. Supp. 3d 4, 13–14 (D. Del. 2023) (complaint cannot serve as basis for knowledge of patent asserted in amended complaint); *PACT XPP Schweiz AG v. Intel Corp.*, No. 1:19-1006, 2023 WL 2631503, at *5 (D. Del. Mar. 24, 2023) (same); *Bos. Sci. Corp. v. Nevro Corp.*, 560 F. Supp. 3d 837, 843–44 (D. Del. 2021) (same); *Wrinkl, Inc. v. Facebook, Inc.*, No. 20-CV-1345, 2021 WL 4477022 (D. Del. Sept. 30, 2021) (same); *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 249–50 (D. Del. 2021), and cases cited therein (same); *see also WinView Inc. v. DraftKings Inc.*, No. 21-13405, 2025 WL 1908757 at *10 (D.N.J. July 11, 2025), and cases cited therein (same).

defendant becomes aware of its possible infringement via a pre-complaint notice letter from the plaintiff and (2) the situation in which the defendant becomes aware of its possible infringement via the filing of the complaint. In both situations, the defendant has acquired knowledge of the patent and of its possible infringement, and has the choice whether to continue acting in a manner that risks infringement. The only factual difference is whether the plaintiff put the defendant on notice informally (by letter) or officially (by filing a complaint). Yet under the line of cases holding that the complaint cannot serve as notice, the defendant is deemed to have the notice necessary for a finding of willful infringement only in the first situation.

That said, I agree with the concerns raised by Judge Andrews about allowing a complaint to serve as notice for allegations of willful infringement. In *Wrinkl, Inc. v. Facebook, Inc.*, No. 20-CV-1345, 2021 WL 4477022 (D. Del. Sept. 30, 2021), he explained that "[w]illful patent infringement is the rare exception, not the rule." *Id.* at *7. He further cautioned that "it should not be the case that every patent infringement lawsuit is automatically a willful infringement case. But if all that is required is the filing of a complaint and a plausible allegation of infringement, then every case would be a willful infringement case." *Id.* at *8.

The Supreme Court has held that a finding of willful infringement and the award of enhanced damages should be limited to "egregious cases of misconduct beyond typical infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 110 (2016). Allowing a complaint to serve as notice of infringement risks permitting the plaintiff to inject willful infringement allegations into nearly every case regardless of whether such allegations are warranted. That outcome is concerning because when a case involves allegations of willful infringement, the plaintiff is able to invite the jury to conclude that the defendant is a "bad actor," which risks prejudicing the jury against the defendant rather than focusing the jury's attention

principally on the issue of infringement. Therefore, while I will deny the motion to dismiss regarding the "post-suit" willful infringement theory, that does not mean that the willfulness issue will necessarily be submitted to the jury. If CRH lacks any further evidence of willful infringement by the time this case gets to the summary judgment stage, I will be disinclined to let CRH present its willfulness allegations to the jury based solely on the fact that the defendants were on notice of their potential infringement as a result of the filing of the complaint.

### B.  False Marking

The defendants next challenge CRH's false marking claim. Under 35 U.S.C. § 292, a party that "marks upon, or affixes to, or uses in advertising in connection with any article, the words 'patent applied for,' 'patent pending,' or any word importing that an application for patent has been made, when no application for patent has been made, or if made, is not pending, for the purpose of deceiving the public" can be held liable for damages. The two elements of a false marking claim are "(1) marking an unpatented article and (2) intent to deceive the public." *Forest Grp., Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009).

The defendants first argue that CRH has not alleged facts that support the inference that the defendants intended to deceive the public by falsely marking their products. Dkt. No. 24 at 17. The defendants cite *In re BP Lubricants USA Inc.*, 637 F.3d 1307 (Fed. Cir. 2011), for that proposition. In *BP Lubricants*, the Federal Circuit held that the particularity requirement set forth in Federal Rule of Civil Procedure 9(b) applies to false marking claims under section 292. *Id.* at 1310–11. "Rule 9(b) requires a plaintiff to plead (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 270 (3d

Cir. 2006). "Pleading on 'information and belief' is permitted under Rule 9(b) when essential information lies uniquely within another party's control, but only if the pleading sets forth the specific facts upon which the belief is reasonably based." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1330 (Fed. Cir. 2009); *see also United States v. Eastwick Coll.*, 657 F. App'x 89, 95 (3d Cir. 2016). In short, under Rule 9(b), "boilerplate and conclusory allegations will not suffice. Plaintiffs must accompany their legal theory with factual allegations that make their theoretically viable claim plausible." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997).

CRH does not respond to the argument that it failed to plead its claim with the necessary particularity, and I agree with the defendants that CRH has failed to do so. Although the complaint adequately alleges that the Snyder HemBand is mismarked as "patent pending," CRH has identified no additional facts from which it can plausibly be inferred that the defendants were attempting to deceive the public when they mismarked the Snyder HemBand. Therefore, I find that CRH has not adequately alleged the requisite intent to state a false marking claim. *See Brinkmeier v. BIC Corp.*, 733 F. Supp. 2d 552, 563 (D. Del. 2010).

Next, the defendants argue that CRH has not alleged any injury because it has not alleged that customers bought the Snyder HemBand instead of the CRH O'Regan System based on the defendant's false patent marking. Dkt. No. 24 at 19. CRH's only response is to restate its allegation, which is that "[m]ultiple customers stopped purchasing Plaintiff's CRH O'Regan System and instead opted to purchase the Snyder HemBand from Defendants because Defendants falsely marked the Snyder HemBand as 'patent pending.'" Dkt. No. 26 at 13. "Although specific instances of competitive injury do not need to be pled to state a claim for false marking," conclusory allegations of harm are insufficient to plead a causal connection between alleged false

marking and alleged injury. *Cot'n Wash, Inc. v. Henkel Corp.*, 56 F. Supp. 3d 613, 624 (D. Del. 2014). Here, CRH has pleaded only conclusory allegations of harm; it has not made factual allegations that suggest that CRH's injury is causally tied to the alleged false marking. *Compare Rogers v. Conair Corp.*, No. CIV.A. 10-1497, 2012 WL 1443905, at *4 (E.D. Pa. Apr. 25, 2012) (holding that conclusory allegations that false marking practices led to a loss of sales were insufficient to plead injury) *with Cambria Cnty. Ass'n for the Blind & Handicapped, Inc. v. Affordable Wire Mgmt., LLC*, No. 23-CV-80, 2024 WL 1328883, at *4 (D. Del. Mar. 28, 2024) (describing allegations that were sufficient to plead a causal connection).

For the foregoing reasons, CRH has not sufficiently stated a claim for false marking, so Count III of the first amended complaint will be dismissed. Therefore, I need not consider the defendants' argument that they have revived the patent application at issue rendering the phrase "patent pending" not inaccurate, nor would it be appropriate to address such a dispute at this stage of the litigation. *See* Dkt. No. 24 at 19. Similarly, I need not address CRH's argument that the defendants' pending application does not read on the Snyder HemBand. Dkt. No. 26 at 12.

CRH requests leave to amend in the event that the motion to dismiss the false marking claim is granted. Dkt. No. 26 at 13. The defendants respond that further amendment would be futile based on an argument about whether their pending patent application reads on the Snyder HemBand. Dkt. No. 30 at 10. As noted, resolving such a dispute requires findings of fact and is not appropriate at this stage of litigation. Accordingly, CRH will be granted leave to file a second amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) ("Under Rule 15(a), if a plaintiff requests leave to amend a complaint vulnerable to dismissal before a responsive pleading is filed, such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.").

IT IS SO ORDERED.

SIGNED this 2nd day of September, 2025.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE